UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-3291-GW-ADSx | Date | March 18, 2026 |
| Title | *Alistair Casey v. USA Badminton, et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: IN CHAMBERS - TENTATIVE RULING ON DEFENDANT USA BADMINTON'S MOTION IN LIMINE TO EXCLUDE PROPOSED EXHIBITS 12, 14, 15, 16 AND 18 [35]**

Attached hereto is the Court's Tentative Ruling on Defendant's Motion [35] set for hearing on March 19, 2026 at 8:30 a.m.

: 

Initials of Preparer JG

***Alistair Casey v. USA Badminton et al***; Case No. 2:25-cv-03291-GW-(AGRx)
Tentative Ruling on Defendant's Motion in Limine to Exclude Proposed Exhibits 12, 14, 15, 16, and 18

## I. Background

On February 27, 2025, Alistair Casey ("Plaintiff") filed suit against USA Badminton ("Defendant") and Does 1-20, inclusive, in the Superior Court of California for the County of Los Angeles. *See* Complaint, Docket No. 1-1. On April 15, 2025, Defendant removed this suit to federal court. *See* Notice of Removal, Docket No. 1. Plaintiff brings one claim for violation of Cal. Lab. Code § 2802 against Defendant, alleging that Defendant refused to indemnify him for attorney's fees and costs incurred from defending a lawsuit ("Indiana Lawsuit") that was filed as a consequence of his employment with Defendant. *See generally* Complaint. Bench trial is set for March 31, 2026. *See* Docket No. 14.

Now before the Court is Defendant's Motion in Limine to Exclude Proposed Exhibits 12, 14, 15, 16, and 18 ("Motion"). *See* Motion, Docket No. 35. Plaintiff filed an opposition ("Opp."). *See* Opp., Docket No. 38. Defendant filed a reply ("Reply"). *See* Reply, Docket No. 40.

## II. Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4; *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) ("[M]otions in limine[ ] are useful tools to resolve issues which would otherwise clutter up the trial.").

The Court has "broad discretion when ruling on motions in limine," but such motions "should not be used to resolve factual disputes or weigh evidence." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). "To exclude evidence on a motion in limine, the evidence must be inadmissible on all potential grounds." *Id.* at 1047 (internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (internal quotation marks omitted). "This is because although rulings on

motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (internal quotation marks omitted).

**III. Discussion**

Defendant seeks to exclude five documents[1] from being used at trial because they were not produced by Plaintiff during discovery when they were responsive to two of Defendant's requests for production of documents. *See* Motion at 6. Defendant claims that the parties had agreed via e-mail correspondence that Plaintiff would respond to certain requests for production before mediation and to the remaining requests after the discovery deadline set by this Court.[2] *See id.* at 3-4. Defendant argues that Plaintiff "reneged on the prior agreements regarding discovery" and, on February 20, 2026, sent a proposed joint exhibit list that included the five documents Defendants now seek to exclude at trial. *Id.* at 4-5. Plaintiff contends that the Court may address the issue at trial "when (and if) the evidence is offered" and that his failure to produce the documents was harmless because the documents "have been in the possession of both parties for a long time." Opp. at 1 (citation omitted). Plaintiff indicates that he "produced the documents to Defendant on February 20, 2026, prior to the parties' submission of any exhibit list and the Proposed Final Pretrial Conference Order." *Id.* (citation omitted).

"Rule 37(c)(1) is an automatic sanction that prohibits the use of improperly disclosed evidence," and "litigants can escape the harshness of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (internal quotation marks omitted). "Rule 37 'gives teeth' to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed." *Perry v. Brown*, No. 2:18-cv-09543-JFW-(SSx), 2019 WL 6888048, at *3 (C.D. Cal. June 11, 2019) (quoting *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)).

---

[1] All five documents – Exhibits 12, 14, 15, 16, and 18 – appear to be public filings in related cases. *See* Opp. at 1-2. Exhibits 12 and 15 are documents that were filed by defense counsel in the instant action in *Linda French v. U.S. Center For SafeSport*, Case No. 1:24-cv-02138-GPG-(KAS) (D. Colo.). *Id.* at 1. Exhibits 14, 16, and 18 are documents that were filed in the Indiana Lawsuit – *Jon Little, et al. v. Alistair Casey*, Case No. 1:23-cv-01647-RLY-(KMB) (S.D. Ind.). *Id.* at 2.

[2] Mediation took place on December 11, 2025. *See* Docket No. 28. All regular discovery was ordered by this Court to be completed by December 19, 2025. *See* Docket No. 14.

Notwithstanding the fact that Plaintiff may not have timely responded to Defendant's requests for production, the Court is not inclined to impose any preclusion sanctions at this time. Defendant does not dispute that it is now in possession of the documents at-issue following Plaintiff's production on February 20, 2026. Plaintiff's late disclosure appears to be harmless under Rule 37(c)(1). Defendant does not argue otherwise. *See generally* Reply. The Court observes no prejudice to Defendant, likelihood of disruption of the upcoming trial date in this matter, or any bad faith involved in Plaintiff's failure to timely disclose the documents. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citation omitted). As such, the Court is not inclined to exclude such documents based on the arguments presented in the Motion.

## IV. Conclusion

Based on the foregoing discussion, the Court would **DENY** the Motion without prejudice.